WADE v. FARMERS UNION CO-OPERATIVE ROYALTY CO.

No. 29230. June 11, 1940.

*103 P. 2d 511.*

W. F. Schulte, of Ada, for plaintiff in error.

Charles West, of Oklahoma City, for defendant in error.

DANNER, J. The plaintff in the trial court filed a petition and an amended petition against Farmers Union Co-Operative Royalty Company and another, alleging that by fraud they had obtained from him a certain mineral deed conveying an undivided one-half interest in the oil, gas, and other minerals underlying his land, and praying that the deed be canceled. The Farmers Union Co-Operative Royalty Company, to whom we shall hereafter refer as if it were the only defendant, filed an answer containing a general denial and setting forth the pooling plan or arrangement under which it operated and a description of the transaction it had effected with the plaintiff, appending plaintiff's application to enter into the pooling arrangement, and other documents pertaining thereto. The answer also alleged defendant's good faith. It contained no prayer for relief, nor did it contain the usual or customary request that the plaintiff take nothing by his petition.

The case was set to be heard on July 9, 1936, and on that date the then attorney for plaintiff, who is not now his attorney, appeared and asked for a continuance. The continuance was granted, but at the same hearing, in open court, in the presence of counsel for plaintiff, the defendant's counsel asked and was granted leave to amend his answer, and on the appearance docket it shows, under that date, "Defendant granted leave to amend."

After conclusion of the hearing, according to his testimony, the defendant's attorney went to the court clerk's office, and there wrote the following with pen and ink on the margin of page 3 of the answer, writing from the bottom of the page toward the top, along said margin:

"Cross-Petition.

"And upon the facts aforesaid this defendant prays that title be quieted as against the plaintiff and for such other remedy as it may have and for costs. Farmers Union Co-Operative Royalty Co. By Chas. West, Its Atty."

Thereafter, on August 5, 1936, plaintiff filed his second amended petition, amplifying the grounds of fraud alleged. On September 21, 1936, there was filed in said cause a letter from counsel for defendant, addressed to the court clerk, requesting that defendant's answer theretofore filed be refiled as an answer to the second amended petition.

On February 11, 1937, plaintiff dismissed the action, and one year later, February 11, 1938, through present counsel, filed a new action alleging virtually the same facts as the former petition. Said new action was separately docketed. Service was had upon the defendant in the new action. On March 10, 1938, the defendant took a default decree against the plaintiff, in the old action, and without notice, quieting his title on his cross-petition described above, and on the same day filed a demurrer in the new action setting up said default in bar of the new action.

Then the plaintiff, on May 25, 1938, filed in the old action a special appearance and motion to vacate the default judgment rendered therein on defendant's cross-petition.

This motion was heard, evidence was offered and the court entered judgment for defendant refusing to vacate the former judgment, and the plaintiff appeals.

The proposition advanced by plaintiff is "that obtaining leave to amend an answer gives the right to file an amended answer, but does not give the right to file a cross-petition under our statutes so as to enable the defendant to take judgment thereon without notice to the plaintiff."

Without regard to the merits of plaintiff's proposition, upon which we do not pass, the court feels that the refusal to vacate the default judgment was an abuse of discretion, under all the facts and circumstances of the case. The default judgment was taken without notice, at a time when another action was pending between the same parties in the same court, in which other action the controversy could have been determined upon its merits, if the default had been vacated. The motion to vacate was filed during the same term of court in which the default judgment was taken, in which situation trial courts are vested with a wide discretion. As between two courses, that of determining disputes upon their merits, and that of permitting them to go by default, the former is preferable.

The judgment is reversed and the cause is remanded, with directions to sustain plaintiff's motion to vacate the judgment, and to proceed with the trial.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, OSBORN, and HURST, JJ., concur. CORN, GIBSON, and DAVISON, JJ., absent.